Colcoce., J.
The jury find, that James Duncan, Esq. being a1 city warden, was requested by the City Council, and did undertake to sell and dispose of certain lottery tickets to them belonging,, and that he did sell and dispose of fifty-seven tickets unto defendant, and did for the same take the within mentioned note of hand,, which being unpaid, the said James Duncan died insolvent; and on his death, it fell into the hands of the defendant, his administrator. If the court should be of opinion, that the City Council can-legally demand the said note as their property, then we find for the •plaintiff $570 ; or the said note, to be given up to the City Council V but if the court should'be of opinion, that the said note can not be followed and separated from the general mass, as their property, of the estate or assets of the said James Duncan, then, we fiud for the defendant.
The fact being clearly established, that the note was taken by the deceased for lottery tickets, which he, as agent to the City Council, bad sold f the circumstance of his having taken it payable' to himself, will certainly not make it his property. I am therefore of opinion, that the plaintiff have judgment, and that the postea be’ delivered to them.
Brevard, J.
The verdict finds, that Mr. James Duncan, as' city warden, took the promissory note for which this action was brought, for certain lottery tickets, which he was entrusted to sell on behalf of the corporation. And it may be fairly inferred, that the note was taken as trustee, for the use and benefit of the corporation.
This action was trover for the wrongful conversion of the'note. In this action, it was only necessary to prove property in the plaintiff, and a wrongful conversion by the defendant. If the note was taken in trust for the plaintiff, as it appears by the verdict, then it was the property of the plaintiff. The conversion may be fairly *387 implied, as the verdict finds for the plaintiff, “ if the court should be of opinion, the plaintiff could legally demand the said note.” ■From this finding, it maybe inferred,-that there was a demand and refusal, sufficient to evidence a wrongful conversion, provided the property was in the plaintiff. I am of opinion, the plaintiff is enti-tied to -judgment.
Bay, _J.
The special verdict states that James Duncan, deceased, being a city warden, was requested by the City Council, and did undertake to sell and dispose of some lottery tickets, and that he sold fifty-seven tickets to the defendant, and took his note, for which this action was brought; which being unpaid, the said James Duncan died insolvent, aud on his death, it.fell into the hands of the defendant, as his administrator. If the court should think the .note the property of the city, we find for them $570, or that the note should be given up. But if the court should think that the note cannot be followed up, and separated from the general mass, as the-city’s property, of the estate, or assets of the said James Duncan, then, they 'find for the defendant. From the foregoing special verdict, it appears to me, that the above named James Duncan, upon the delivery of- the above mentioned lottery tickets for .«ale, became the trustee or agent of the City Council; and that the note, although taken in his own name, for the amount, became their property, the moment it was given for the said lottery tickets. He held it in trust for them, and does not form any part of his private estate ; consequently, it became, so much money due to the ■city from the maker of the note, instead of being due to the representative of the said deceased James Duncan. I am,, therefore, of opinion, that the postea, should be delivered to the plaintiff, in order that they may enter their judgment thereon. If James Duncan is considered' in the light of a factor or agent for the City Council, • and he may be very justly considered in that light, the property to the last moment remains the property of the principal, and the tickets might have been recovered specifically if unsold, in whose hands soever they might have come. Even money for the proceeds, if'in bags, may be recovered. 5 T. R. 215. 4 Burrows, 2047. If money received for the proceeds may then be recovered, it follows clearly, that a note given for the proceeds, may also be recovered.-